UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DONTAVIOUS SPARROW**

    Petitioner,

v.                                Case No. 8:16-cv-3279-T-36AAS

**SECRETARY, Department of Corrections,**

    Respondent.
_____/

## O R D E R

This cause comes before the Court on Dontavious Sparrow's petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) Sparrow challenges his state convictions for second-degree murder (one count) and attempted second-degree murder (four counts). The Respondent concedes the petition's timeliness. Upon consideration of the petition (Doc. 1) and the response (Doc. 9),[1] and in accordance with the *Rules Governing Section 2254 Cases in the United States District Courts*, the petition will be **DENIED**.

## FACTS[2]

Cortez White, Kenny Baker, Anthony Pruitt, Eric Cooper, and Marquise Pennywell drove to a Snax convenience store. When White pulled into the parking lot he saw a person, later identified as Dontavious Sparrow, walk towards his car. White swerved to avoid hitting Sparrow.

---

[1] Although afforded the opportunity, Sparrow did not file a reply.

[2] This factual summary derives from Sparrow's brief on direct appeal and the record. (Respondent's Exhibits 2 and 6)

White and his friends exited the vehicle and were approached by Sparrow who was angry because White almost ran over his foot with the car. Sparrow continued yelling and arguing with the group as Sparrow's friend, Hector Pena, approached. White and his friends went inside the convenience store. When White came back out of the store, he saw Pena and Sparrow drive away in a dark SUV. Sparrow was driving and Pena was the passenger. Sparrow circled the parking lot across the street and then drove back toward the convenience store. As they passed, Pena shot at White and the group. Marquise Pennywell was shot and died from multiple gunshot wounds.

Eyewitnesses Baker, Cooper, and Pruitt each identified Pena from a police photopack as the shooter. Witness Michelle Moody saw the SUV in which Sparrow and Pena were riding and identified the vehicle's owner, who was Sparrow's father, Joseph Colon. The police located Pena and Sparrow at Colon's house where Sparrow was hiding in the attic.[3] Both Sparrow and Pena were arrested and charged with second-degree murder for the death of Pennywell and with four counts of attempted second-degree murder of White, Baker, Pruitt, and Cooper. The State successfully moved to consolidate the trials and Pena and Sparrow were tried jointly.[4] A jury convicted both Pena and Sparrow of all five charges. Sparrow was sentenced to fifty years imprisonment for the second-degree murder conviction and to concurrent terms of fifteen years imprisonment for each of the attempted murder convictions.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*,

---

[3] The police found three guns and a cell phone in the attic where Sparrow was hiding.

[4] The State proceeded under a principal theory.

2

531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - - the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal

3

court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 526 U.S. 86, 103 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

The state appellate court affirmed Sparrow's convictions and sentences in a *per curiam* decision without a written opinion. (Respondent's Exhibit 9) In two *per curiam* decisions without a written opinion the state appellate court affirmed the denial of both of Sparrow's Rule 3.850 motions. (Respondent's Exhibits 13 and 22) The state appellate court's affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S.

4

906 (2003). *See also Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 563 U.S. at 181–82. Sparrow bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Sparrow claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Sims v. Singletary*, 155 F.3d 1297,

1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Sparrow must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691. To meet

this burden, Sparrow must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Sparrow cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are Interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). The required extent of counsel's investigation was addressed recently in *Hittson v. GDCP Warden*, 759 F.3d 1210, 1267 (11th Cir. 2014), *cert. denied sub nom.*, *Hittson v. Chatman*, 135 S. Ct. 2126 (2015):

> [W]e have explained that "no absolute duty exists to investigate particular facts or a certain line of defense." *Chandler*, 218 F.3d at 1317. "[C]ounsel has a duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066 (emphasis added). "[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel

7

> reasonably to decline to investigate a line of defense thoroughly." *Chandler*, 218 F.3d at 1318. "In assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." *Wiggins*, 539 U.S. at 527, 123 S. Ct. at 2538.

*See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (confirming that counsel has no duty to raise a frivolous claim).

Under 28 U.S.C. § 2254(d) Sparrow must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 106. *See also Pinholster*, 563 U.S. at 202 (a petitioner must overcome this "'doubly deferential' standard of *Strickland* and [the] AEDPA"), *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."), and *Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim — which is governed by the deferential *Strickland* test — through the lens of AEDPA deference, the resulting standard of review is "doubly deferential."), *cert. denied*, 134 S. Ct. 191 (2013).

In denying Sparrow's first motion for post-conviction relief, the state court recognized that *Strickland* governs a claim of ineffective assistance of counsel. (Respondent's Exhibit 11, p. 1) Because the state court rejected the claims based on *Strickland*, Sparrow cannot meet the "contrary

to" test in Section 2254(d)(1). Sparrow instead must show that the state court unreasonably applied *Strickland* or unreasonably determined the facts. In determining "reasonableness," a federal petition for the writ of habeas corpus authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry," not an independent assessment of whether counsel's actions were reasonable. *Putnam v. Head*, 268 F.3d 1223, 1244, n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002). The presumption of correctness and the highly deferential standard of review require that the analysis of each claim begin with the state court's analysis.

## I. EXHAUSTION AND PROCEDURAL DEFAULT

**Ground One**

Sparrow contends that the prosecutor violated his Fourteenth Amendment right to due process and his federal right to a fair trial by redacting Sparrow's written statement to the police and presenting the redacted version to the jury.[5] Sparrow alleges that the redacted version "ma[d]e it seem as if [Sparrow] had something to cover up or hide . . . ." (Doc. 1, p. 5) The Respondent correctly argues that this ground is unexhausted and procedurally barred because Sparrow did not present this ground to the state court in his direct appeal.

---

[5] Sparrow's statement was introduced at trial through the testimony of Sergeant Terrell Skinner as follows (Respondent's Exhibit 2, Vol. IX, pp. 1117–18):

> [PROSECUTOR]: At this time, Your Honor, may I ask that the witness read the statement into the record?
>
> THE COURT: Yes.
>
> [SERGEANT SKINNER]: Dontavious Sparrow was at the store getting some ice in a cup. And as I was going [to the] back of the truck — as I walked to the back of the truck, some dude was about to hit me. So I asked him, ["]What you all gone run over me or something?["] Then said, ["]Naw, nigga this how we drive up here.["] So I said okay.

9

In his direct appeal brief Sparrow argued that the trial court erred under *Bruton v. United States*, 391 U.S. 123 (1968), by refusing to admit his original written statement. Sparrow did not argue that the admission of his written statement violated his federal rights to either due process or a fair trial. Before a federal court can grant habeas relief, a petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (C). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted). To exhaust a claim, a petitioner must present the state court with both the particular legal basis for relief and the facts supporting the claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement that a petitioner exhaust each available state court remedy as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding

such claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32. Sparrow's failure to present to the state court a claim alleging either a federal due process violation or a violation of his federal right to a fair trial deprived the state court of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 845. *See also Anderson v. Harless*, 459 U.S. 4, 5–6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made."); *Preston*, 785 F.3d at 460 (noting that "simply mentioning a phrase common to both state and federal law, like 'sufficiency of the evidence,' cannot constitute fairly presenting a federal claim to the state courts"). State procedural rules preclude Sparrow from returning to state court to present his federal claims in a second direct appeal. Sparrow's failure to properly exhaust his federal claims in the state courts results in a procedural default.

"If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate not only that an error at the trial created the possibility of prejudice but that the error worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimension. *United States v. Frady*, 456 U.S. 152 (1982). In other words, a petitioner must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892.

11

Absent a showing of cause and prejudice, a petitioner may obtain federal habeas review of a procedurally defaulted claim only if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A fundamental miscarriage of justice occurs if a constitutional violation has probably resulted in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet the "fundamental miscarriage of justice" exception, Sparrow must show constitutional error coupled with "new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

Sparrow fails to demonstrate either cause or prejudice for the default of either a federal due process claim or a federal fair trial claim. *Wright*, 169 F.3d at 703. He cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327. Because Sparrow satisfies neither exception to procedural default, a claim alleging either a federal due process violation or a violation of his federal right to a fair trial based on the admission of the redacted version of his written statement is procedurally barred from federal review.

**Ground Two**

Sparrow contends that the prosecutor violated his federal rights to due process and a fair trial by presenting inadmissible evidence at trial. Specifically, Sparrow claims that the prosecutor showing to the jury photographs of the victim's bloody hospital bed sheets "was a weapon to inflame the jury's mind." (Doc. 1, p. 7) The Respondent correctly argues that this ground is unexhausted and procedurally barred. Sparrow did not present this ground to the state court in his direct appeal.

In his appellate brief Sparrow argued under state law that "the photograph was not independently relevant and its probative value did not outweigh the danger of prejudice to the Defendant." (Doc. 1, pp. 10–11) Sparrow did not assert a violation of a federal constitutional right. Accordingly, his federal due process and fair trial claims are unexhausted. Sparrow cannot return to state court to present these claims in a second direct appeal, rendering the claims procedurally defaulted. Sparrow fails to demonstrate either cause or prejudice for the default of either claim. *Wright*, 169 F.3d at 703. He cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327. Because Sparrow satisfies neither exception to procedural default, his federal due process and fair trial claims are procedurally barred from federal review.

**Ground Four**

Sparrow contends that his federal rights to due process and a fair trial were violated because "the prosecutor presented no evidence to prove Petitioner intended for [a] crime to happen, aided the crime, or enticed his co-defend[ant]'s actions in order for him to be charged as a princip[al]; therefore, Petitioner should have never been convicted or sentenced under the princip[al] theory." (Doc. 1, p. 10) The Respondent correctly argues that this ground is unexhausted and procedurally barred.

Sparrow presented this ground to the state post-conviction court in his second Rule 3.850 motion. (Respondent's Exhibit 18) The state post-conviction court dismissed this ground for procedural reasons as follows (Respondent's Exhibit 20, p. 2) (court's record citation omitted):

> Defendant's Motion for Postconviction Relief must be dismissed because it is successive and raises a claim that is not cognizable. Pursuant to Florida Rule of Criminal Procedure 3.850(h)(2), defendants are limited to filing one motion for postconviction relief absent a showing of good cause. Defendant has already filed a motion under rule 3.850. When a defendant raises a new claim in a

13

> second or successive motion, "the movant has the additional burden of demonstrating why the claim was not raised before." *Riechmann v. State*, 966 So. 2d 298, 305 (Fla. 2007); *accord* Fla. R. Crim. P. 3.850(h); *Owen v. Crosby*, 854 So. 2d 182, 188 (Fla. 2003) ("[C]laims that could have been raised in a prior postconviction motion are procedurally barred . . . ."). Here, Defendant asserts that this new ground was not raised because he was sentenced to 50 years incarceration at 20 years of age, someone else wrote his initial postconviction motion, and he "sent the motion out as fast as he could." These excuses do not constitute good cause for Defendant's failure to raise his present claims in his previous motion for postconviction relief. *See Morris v. State*, 134 So. 3d 1066, 1068 (Fla. 4th DCA 2013) (finding that good cause, for purposes of rule 3.850(h), requires a showing of extraordinary circumstances and that a petitioner's lack of education or limited abilities do not constitute good cause), *reh'g denied* (Nov. 6, 2013), *review denied*, 139 So. 3d 887 (Fla. 2014).
>
> Even if Defendant had demonstrated good cause for his failure to include his present arguments in his original motion, his argument merely alleges trial court error and is not cognizable under rule 3.850. *Henry v. State*, 933 So. 2d 28, 29 (Fla. 2d DCA 2006) ("claims of prosecutorial misconduct and trial court error should have been raised on direct appeal"); *Steward v. State*, 931 So. 2d 133, 134 (Fla. 2d DCA 2006) ("claims of trial court error and insufficiency of the evidence should have been raised on direct appeal"). Accordingly, Defendant's motion is dismissed.

The failure of a federal habeas petitioner to adhere to state procedural rules governing the proper presentation of a claim generally bars federal review of that claim in a subsequent federal habeas corpus proceeding. *See Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 (1977); *Sims v. Singletary*, 155 F.3d at 1311. "However, a state court's rejection of a federal constitutional claim on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). A state court's procedural ruling constitutes an independent and adequate state rule of decision if (1) the last state court rendering a judgment in the case clearly and expressly states that it is relying on a state procedural rule to resolve the federal claim without reaching the merits of the claim, (2) the state court's decision rests solidly on state law grounds

and is not intertwined with an interpretation of federal law, and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion," or in a "manifestly unfair manner." *Judd*, 250 F.3d at 1313.

The state court's denial of Sparrow's challenge to his second-degree murder conviction is based on a state procedural rule which was not intertwined with an interpretation of federal law. The state court's findings that the claim was not cognizable in a Rule 3.850 motion and its finding that the Rule 3.850 motion was successive rest on independent and adequate state grounds that preclude federal habeas review.[6] *See, e.g., Jennings v. McDonough*, 490 F.3d 1230, 1247–48 (11th Cir. 2007) (holding that a state court's conclusion that petitioner's claims were procedurally barred by Florida's rule against successive postconviction motions was a state law ground independent of the federal question and adequate to support the state court's judgment, thereby rendering the claims procedurally defaulted on federal habeas review); *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (noting that a state appellate court's *per curiam* affirmance of the lower court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state law ground barring federal review). *See also Harris v. Reed*, 489 U.S. 255, 262 (1989) ("[A] federal claimant's procedural default precludes federal habeas review, like direct review, only if the last state court rendering a judgment in the case rests its judgment on the procedural default."). Accordingly, Sparrow's claim is procedurally defaulted.

State procedural rules preclude Sparrow from returning to state court to present his due process and fair trial challenges to his second-degree murder conviction in a second direct appeal. Sparrow's failure to properly exhaust his federal claims in the state courts results in a procedural

---

[6] The state appellate court affirmed the circuit court's application of the state procedural bar. (Respondent's Exhibit 21)

15

default. Sparrow fails to allege or show cause and prejudice for the default of these claims. He cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327. Because he satisfies neither exception to procedural default, Sparrow's claims challenging his second-degree murder conviction are procedurally barred from federal review.

## II. MERITS

Sparrow's remaining ground is exhausted and entitled to review on the merits.

**Ground Three**

Sparrow contends that his trial counsel rendered ineffective assistance by not moving for acquittal on the second-degree murder charge. Sparrow alleges that the State did not present sufficient evidence to prove that Sparrow acted with a depraved mind.

The state post-conviction court summarily denied this ground in Sparrow's Rule 3.850 motion as follows (Respondent's Exhibit 11, pp. 2–3) (court's record citations omitted):

> Defendant contends that counsel should have argued for a judgment of acquittal on the basis that the State failed to prove Defendant acted with the requisite "depraved mind" to sustain a conviction for second-degree murder. However, Defendant's claim is refuted by the record. After the State rested its case, defense counsel moved for a judgment of acquittal as to all five counts of the information. Counsel specifically argued "there was absolutely no testimony whatsoever that [Defendant] assisted or encouraged [his co-defendant]. There is insufficient evidence as well of a depraved mind on the part of [Defendant]." Counsel further argued that the State failed to establish that Defendant had prior knowledge of his co-defendant's plan to shoot at the victims. The Court denied the motion for judgment of acquittal.
>
> It is clear from the record counsel did, in fact, argue during the motion for judgment of acquittal that there was insufficient evidence for the jury to find Defendant acted with a depraved mind, as required to support a conviction for second-degree murder. Counsel argued at length that there was no evidence to prove Defendant had

16

> any knowledge whatsoever of his co-defendant's intention to perpetrate the crimes and could therefore not be held criminally liable. This Court cannot find counsel ineffective for failing to make an argument she, in fact, made on the record. Defendant has failed to demonstrate that the outcome of his trial was prejudiced by ineffective assistance of counsel and his motion is denied.

As explained by the state post-conviction court, contrary to Sparrow's contention, his trial counsel did move for a judgment of acquittal specifically on the basis that there was "insufficient evidence . . . of a depraved mind on the part of Mr. Sparrow." (Respondent's Exhibit 2, Vol. IX, p. 1215) Sparrow fails to meet his burden of proving that the state post-conviction court either unreasonably applied *Strickland* or unreasonably determined the facts by rejecting this ground of ineffective assistance of trial counsel. 28 U.S.C. § 2254(d)(1), (d)(2). Ground three warrants no relief.

Accordingly, Sparrow's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Sparrow and **CLOSE** this case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

**IT IS FURTHER ORDERED** that Sparrow is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Sparrow must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935

(11th Cir 2001).  Because he fails to show that reasonable jurists would not debate either the merits of the claims or the procedural issues, Sparrow is entitled to neither a certificate of appealability nor leave to appeal *in forma pauperis*.

Accordingly, a Certificate of Appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Sparrow must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida this 21st day of October 2019.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

All parties of record including unrepresented parties, if any